## MARK FAY *vs.* JOHN L. BOND.

A party whose exceptions to an order of the superior court accepting an award have been overruled cannot afterwards be allowed to renew his motion to set aside the award, and to support it by new evidence.

AFTER the exceptions formerly taken in this case were overruled, for the reasons stated in 1 Allen, 211, the plaintiff moved in the superior court to set aside the award, because it was dependent on the award in the other case between the same parties, which had been set aside ; 1 Allen, 212 ; and offered to show this fact by the evidence of the referees ; but *Brigham*, J. refused to hear the evidence, and overruled the motion.  The plaintiff alleged exceptions.

*E. Pearson,* for the plaintiff.

*C. C. Esty,* for the defendant.

BIGELOW, C. J. The plaintiff had no right to make the motion in the superior court on which he now relies. The award was accepted at a previous term of that court, and to the order by which the acceptance was decreed the plaintiff alleged exceptions, which were overruled. *Bond* v. *Fay,* 1 Allen, 211. After such proceedings, he had no right to go back to the superior court and renew his motion to set aside the award for the same reasons on which he had previously relied, and insist on supporting it by new evidence. He cannot try his case piecemeal. He was bound to present all the grounds of his objection to the award at the hearing on the first motion; and if he omitted to do so, he cannot ask to have the case reopened. He is concluded by the former order. *Exceptions overruled.*